UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN GIANNONE,

        Petitioner,

v.                                      Case Number: 10-cv-11844
                                        Honorable John Corbett O'Meara

CHRISTOPHER ZYCH,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Jonathan Giannone, a federal inmate incarcerated at the Federal Correctional Institution (FCI) in Milan, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On March 8, 2007, Petitioner was found guilty of (1) two counts of aggravated identity theft, 18 U.S.C. § 1028 (a)(1), and (2) three counts of wire fraud, 18 U.S.C. § 1343. He was sentenced, on August 22, 2007, by the United States District Court for the District of South Carolina,

---

[1] On June 3, 2009, Petitioner filed a petition for writ of habeas corpus, which was assigned to The Honorable Thomas L. Ludington, and was denied for failure to state a claim under 28 U.S.C. § 2241. In those pleadings, Petitioner sought a transfer to a minimum security facility, which he believed would increase his chances of being placed in a residential reentry center upon completion of the residential drug abuse program. The United States Court of Appeals for the Sixth Circuit has held that a federal inmate who challenges his security classification fails to state a cognizable claim for habeas review. *See Bazuaye v. Bogan*, No. 93-2085, 1994 WL 75895, *2 (6th Cir.1994) (unpublished) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983), and *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir.1992)); *accord Braswell v. Gallegos*, 82 F. App'x 633, 636 (10th Cir. 2003) (district court properly denied federal prisoner's § 2241 petition challenging his classification)). *Giannone v. Zych*, No. 09-12149, 2009 WL 2884733 (E.D. Mich. Sept. 3, 2009).

        And, on October 9, 2009, Petitioner filed another habeas petition, which was assigned to The Honorable Bernard A. Friedman. In those pleadings, Petitioner challenged the Bureau of Prisons Policy Statements as violating the Administrative Procedure Act ("APA"). The Court denied the petition because the APA does not apply to the Bureau of Prisons and because he failed to exhaust his administrative remedies. *Giannone v. Zych*, No. 09-13950 (E.D. Mich. Dec. 16, 2009).

to a sixty-five-month term of imprisonment and three years of supervised release. Pursuant to the Federal Bureau of Prisons Inmate Locator web site, Petitioner presently has a projected release date of April 25, 2011. In his pleadings, he challenges the administration of the Bureau of Prisons' policy statement on placement. For the reasons stated, the Court will deny the petition.

## I.

Petitioner began serving his federal sentence on October 3, 2007, at the FCI Allenwood in White Deer, Pennsylvania. On January 5, 2009, he applied for the Residential Drug Abuse Treatment Program, to which he was accepted. Petitioner was then re-designated to the correctional institution in Milan, Michigan, for participation in the program.

Petitioner's sentence was subsequently vacated by the Fourth Circuit and the case was remanded for resentencing. *United States v. Giannone*, 2010 WL 55583 (4th Cir. Jan. 7, 2010). When Petitioner was resentenced, he requested that he be sentenced to a halfway house. The Judge sentenced Petitioner to fifty-seven months and made the appropriate recommendation to the Bureau of Prisons.

On March 23, 2010, the District Court of South Carolina entered an amended judgment, reflecting that Petitioner should serve the remainder of his term of incarceration in a community confinement center. On April 14, 2010, he was then returned to the correctional institution in Milan. Petitioner then requested that he be reviewed for halfway house consideration. He was advised that he would receive 180 days RRC placement. Petitioner now argues that his placement is incorrect.

## II.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that

2

the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. *See also* Rule 1(b), Rules Governing Section 2254 Cases (allowing for application of rules to § 2241 petitions). If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

A petitioner must exhaust administrative remedies before seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). *See also Watts v. Bogan*, 50 F.3d 11 (6th Cir. Mar.14, 1995). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). Yet, "a prisoner's failure to exhaust available state or administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). As explained below, Petitioner has not exhausted his administrative remedies, nor has he demonstrated that exhaustion would be futile. Thus, his petition will be dismissed without prejudice.

Notably, an administrative remedy is available for Petitioner. First, a prisoner may submit a complaint to institutional staff. If the problem is not resolved, 28 C.F.R. §§ 542.13(a) and (b) allow a prisoner to file a formal request for an administrative remedy with the warden of the prison. Second, a prisoner may file an appeal to the Regional Director and General Counsel in the central office. 28 C.F.R. § 542.14. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *See Irwin v. Hawk*, 40 F.3d 347, 349 n. 2 (11th Cir. 1994).

3

Petitioner provides only a conclusory assumption that his complaint could not be fairly resolved through the administrative appeals process. This conclusory assumption is insufficient for the Court to conclude that exhaustion would be futile.

### III.

Accordingly, **IT IS ORDERED** that Petitioner's habeas petition [dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**. Since a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

s/John Corbett O'Meara
United States District Judge

Date: May 19, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 19, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager